UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 04-02511 |
|---|---|
| LEHUA HOOPAI, | Chapter 13 |
| Debtor. | Related Docket No.: 279 |

**MEMORANDUM OF DECISION ON
MOTION TO RELEASE SUPERSEDEAS BOND**

The question presented is whether the bankruptcy court has jurisdiction to reduce or discharge a supersedeas bond where an appeal is still pending from a prior order that provided for payment on the bond. Although the amount of the bond should be reduced, I hold that I cannot do so because the pending appeal deprives me of jurisdiction to grant the request.

The saga began when the debtor filed a chapter 13 bankruptcy petition a few days after a foreclosure auction of her property was held.[1] I ruled that the debtor, and therefore her bankruptcy estate, still had an interest in the property and that she could sell the property under a chapter 13 plan. The high bidder at the foreclosure auction, the Maluhia Trust ("Maluhia"), appealed my decision to the district court

---

[1] The facts are set forth in more detail in In re Hoopai, 348 B.R. 528 (Bankr. D. Haw. 2006), reversed, In re Hoopai, 369 B.R. 506, 2007 WL 1119913 (B.A.P. 9th Cir. Mar. 28, 2007).

and posted a $335,000 supersedeas bond in order to obtain a stay of the debtor's sale of the property pending the appeal. The district court affirmed my decision, and no one appealed from the district court's order.

This did not end the saga. The parties then litigated the issues of whether the debtor was liable for the mortgagee's attorneys' fees, whether the debtor could require Maluhia to pay the mortgagee's or her attorneys' fees and costs, and whether interest and certain expenses should be paid out of the rental proceeds of the property or out of the supersedeas bond. I entered an order deciding all of the disputed issues and determining that certain expenses should be paid by Maluhia or its surety on the supersedeas bond. The debtor appealed to the Bankruptcy Appellate Panel, which held that I erred in ruling that the Debtor's mortgage lender, Countrywide Home Loans, Inc. ("Countrywide"), was the "prevailing party" in the litigation and was therefore entitled to recover attorneys' fees and costs from the proceeds of the Debtor's real property. Because the BAP thought that this disposition "materially change[d] the overall equation," the BAP did not decide any of the other issues on appeal and instead simply vacated my order in its entirety (including the provision which discharged the supersedeas bond).

Countrywide appealed the BAP's decision to the Court of Appeals, which has not yet disposed of the appeal.

U.S. Bankruptcy Court - Hawaii   #04-02511   Dkt # 293   Filed  06/02/09   Page 2 of 5

Maluhia has moved the court (docket no. 279) to release the supersedeas bond, arguing that Maluhia's maximum liability is only a few thousand dollars and that maintaining the bond costs Maluhia over $6,000 per year. The debtor opposed the motion. At the hearing, I tentatively ruled that the bankruptcy court lacks jurisdiction to grant the motion. At Maluhia's request, I permitted the parties to file supplemental memoranda on the jurisdictional issue.

The filing of a notice of appeal from a BAP decision to the court of appeals "confer[s] jurisdiction on [the court of appeals] and divest[s] both the BAP and the bankruptcy court of control over those aspects of the case involved in the appeal." Neary v. Padilla (In re Padilla), 222 F.3d 1184, 1190 (9th Cir. 2000). "This judge-made principle is designed to promote judicial economy and prevent the confusion that would result from two courts addressing the same issue." In re Marino, 234 B.R. 767, 769 (B.A.P. 9th Cir. 1999). "A pending appeal divests a bankruptcy court of jurisdiction to vacate or modify an order which is on appeal." Id.[2]

There are two exceptions to this rule. First, the lower court "has jurisdiction to take actions that preserve the status quo during the pendency of an appeal" but

---

[2] Federal courts have an independent obligation to ascertain that they have subject matter jurisdiction. The jurisdiction which the trial court loses to the appellate court falls in the category of subject matter jurisdiction. See, e.g., In re Smith Corona Corp., 212 B.R. 59, 60 (Bankr. D. Del. 1997).

U.S. Bankruptcy Court - Hawaii   #04-02511   Dkt # 293   Filed  06/02/09   Page 3 of 5

"'may not finally adjudicate substantial rights directly involved in the appeal.'" Padilla, 222 F.3d at 1190 (quoting McClatchy Newspapers v. Central Valley Typographical Union No. 46, Int'l Typographical Union, 686 F.2d 731, 734-35 (9th Cir. 1982)). Second, "absent a stay or supersedeas, the trial court also retains jurisdiction to implement or enforce the judgment or order but may not alter or expand upon the judgment." Id.

None of the parties has cited, and my independent research has not found, a case like this one. The cases uniformly hold that the trial court can discharge or modify a supersedeas bond while an appeal from the underlying judgment is still pending. In this case, however, the appeal from the underlying judgment was resolved long ago; the existing appeal challenges a prior order determining what should be paid out of the bond. Reducing the amount of a supersedeas bond in the face of an appeal about the proper disposition of the bond is beyond this court's jurisdiction, because the amount of the surety's liability is one of the "aspects of the case involved in the appeal." Padilla, supra. The amount of the bond is not "collateral" to the appeal because the proper disposition of the bond is before the appellate court.

Neither of the exceptions apply because the reduction of the bond amount would "finally adjudicate substantial rights directly involved in the appeal," would

4

change, rather than preserve, the status quo, and would "alter" the judgment on appeal.  Id.

This result is unfortunate because all parties agree that a bond of $45,000, rather than $335,000, would be sufficient.  If I had jurisdiction, I would reduce the bond to no more than $45,000.  If Maluhia wishes to pursue a reduction of the bond, Maluhia may wish to consider presenting a stipulation or motion to the court of appeals asking that court to alter the bond or temporarily remanding the case to this court for the limited purpose of reducing the bond.

For these reasons, a separate order will enter denying Maluhia's motion for lack of subject matter jurisdiction.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: **06/02/2009**